95 F.3d 1153
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dwight Wade SEATON, Defendant-Appellant.
 No. 95-6553.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1996.
 
 1
 Before: MARTIN and DAUGHTREY, Circuit Judges; BECKWITH, District Judge.*
 
 ORDER
 
 2
 Dwight Wade Seaton appeals a district court judgment that resentenced him under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), following a remand of his case by this court on direct appeal. The current appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.Civ.P. 34(a).
 
 
 3
 A jury convicted Seaton of being a felon in possession of a firearm, a violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He was originally sentenced to a term of 108 months of imprisonment and three years of supervised release. A panel of this court remanded the case for resentencing, after holding that Seaton's prior conviction of committing grand larceny while possessing a firearm was a violent felony within the meaning of the ACCA. United States v. Seaton, 45 F.3d 108, 111-13 (6th Cir.), cert. denied, 115 S.Ct. 2012 (1995). On October 31, 1995, Seaton was resentenced to a term of 235 months of incarceration and three years of supervised release. It is from this judgment that he now appeals.
 
 
 4
 Seaton's attorney has filed a motion to withdraw with a brief indicating that there are no non-frivolous issues that may be raised on appeal. See Anders v. California, 386 U.S. 738, 744 (1967). Seaton has filed a response to counsel's motion, in which he primarily argues that he was improperly sentenced under USSG § 4B1.1. An independent review of the present record does not reveal any issues that would support an appeal in this case.
 
 
 5
 This court has already ruled that there was sufficient evidence to support Seaton's conviction. Seaton, 45 F.3d at 110. The district court did not rule against Seaton on any of the objections that he raised at trial, and appellate review of any other trial errors is precluded by Seaton's failure to make a contemporaneous objection at trial. See Fed.R.Evid. 103(a). Therefore, the sentence that Seaton received after remand is the proper focus of this appeal.
 
 
 6
 Seaton's current sentence falls at the lowest end of a guideline range that spanned 235 to 293 months of imprisonment. In calculating this range, the district court properly found that Seaton's total offense level was 33, as he had been convicted as an armed career criminal under § 924(e). See USSG § 4B1.4(b)(3)(B). The court also properly determined that Seaton's criminal history placed him in Category VI. See USSG § 4B1.4(c)(1).
 
 
 7
 Counsel now suggests that Seaton may wish to argue that his prior conviction for committing felony larceny while in possession of a firearm was not a violent felony within the meaning of the ACCA. However, this argument was expressly rejected on direct appeal. Seaton, 45 F.3d at 111-13. The arguments raised in Seaton's response are also unavailing.
 
 
 8
 Seaton correctly argues that his current felony firearm conviction is not a crime of violence within the meaning of USSG § 4B1.1. See USSG § 4B1.2(1), comment. (n. 2). However, Seaton was not sentenced under USSG § 4B1.1, and the ACCA does not require that a defendant's current conviction be a crime of violence or a substance abuse offense. Thus, Seaton was properly sentenced as an armed career criminal under 18 U.S.C. § 924(e)(1).
 
 
 9
 Seaton also argues that the court should not have considered his prior conviction for first degree burglary in determining his sentence, because that conviction was more than 15 years old. This argument lacks merit because prior convictions may apply under 18 U.S.C. § 924(e)(1) regardless of their age. It also fails under the sentencing guidelines because Seaton's current offense commenced less than 15 years after he was allegedly released from actual incarceration on the disputed burglary charge. See USSG § 4A1.2(e)(1).
 
 
 10
 Seaton argues that a drunk driving conviction was improperly included in calculating his criminal history category, because it arose out of the same incident as his felony firearm conviction. This argument lacks merit because Seaton's sentence for the drunk driving offense was imposed almost two years before he was first sentenced on his current felony firearm conviction. Moreover, the drunk driving offense was not considered relevant conduct in determining Seaton's total offense level. See USSG § 4A1.2(a)(1), comment. (n. 1).
 
 
 11
 Finally, Seaton maintains that his attorney was ineffective. However, there is nothing in the present record to support this claim. Therefore, any Sixth Amendment claim that Seaton might have would properly be raised in a motion to vacate his sentence under 28 U.S.C. § 2255, rather than on direct appeal. See United States v. Carr, 5 F.3d 986, 993 (6th Cir.1993).
 
 
 12
 Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation